Ramon **PENALOZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–10–00861–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 16, 2011.

Kenneth E. Goode, Houston, for appellant.

Donald W. Rogers, Jr., Houston, for appellee.

Panel consists of Justices ANDERSON, BROWN, and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

Appellant Ramon Penaloza was convicted on one count of aggravated robbery. Punishment was assessed at thirty-three years' imprisonment. In a single issue, he contends the trial court erred by refusing to submit an instruction on the lesser-included offense of robbery. We affirm.

The complainant, Christina Alvarez, was sitting in her car preparing to leave her apartment when a tan SUV pulled in behind her, blocking her exit. Appellant and another man approached her as she waited inside, flanking her on either side of the vehicle. Assuming that she was a drug dealer, the men demanded money from a large drug transaction they believed had taken place earlier that day. When Alvarez denied being a drug dealer, appellant called her a liar and demanded to know her apartment number. After she answered, appellant removed the keys from her vehicle and ordered her into the waiting SUV. As she was escorted away, Alvarez caught a glimpse of the vehicle's license plate number. She also observed a black handgun in appellant's pocket.

Appellant's partner, Leodegario Rueda, ransacked the apartment while Alvarez remained captive in the SUV. Rueda never uncovered the money he believed Alvarez possessed, but he did return to the vehicle with a number of her personal effects, including a television and a digital camera. After the belongings were loaded into the SUV, appellant received a phone call indicating that Alvarez was "the wrong girl." Appellant then returned Alvarez her keys and told her she was free to go. Alvarez testified that when she was released, appellant instructed her "not to look back or to look at the vehicle or he's going to shoot me from the back with the gun."

Following her release, Alvarez contacted the police and reported her attackers. At the beginning of her 911 call, she mentioned that she had just been "held at gunpoint." Later during the call, the following exchange occurred:

Dispatcher: Okay, and they did have, uh, guns?

Alvarez: I saw one gun—

Dispatcher: One?

Alvarez: Yeah, I don't know if it was a toy gun, and I probably doubt it, but I was only trying to find—

Dispatcher: One? One had a gun?

Alvarez: I only saw one. Yes, ma'am.

Alvarez also indicated that her attackers' vehicle was a sand-colored Chevy Suburban, with license plate 49HNR8. Based on that description, police ultimately stopped a tan Chevy Tahoe, bearing a similar license plate of 48HHR9. Inside the Tahoe were appellant, Rueda, and Alvarez's personal property. A search of the vehicle also revealed two loaded weapons hidden beneath the center console. At trial, Alvarez identified one of the weapons as the gun she had seen in appellant's pocket. Alvarez also explained that she initially questioned the authenticity of the gun to the 911 dispatcher because she was not very familiar with firearms.

■ During the jury charge conference, appellant objected that the charge only contained an instruction for aggravated robbery. Appellant requested that the charge also have an instruction on the lesser-included offense of robbery. The objection was overruled. In his sole issue, appellant contends the trial court erred by denying his request for an instruction on the lesser-included offense.

■ We review the trial court's decision regarding the submission of a lesser-included offense for an abuse of discretion. *Jackson v. State,* 160 S.W.3d 568, 575 (Tex. Crim.App.2005). The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or principles. *Makeig v. State,* 802 S.W.2d 59, 62 (Tex.App.-Amarillo 1990). Because the trial court has no discretion in determining the applicable law, the trial court also abuses its discretion when it fails to analyze the law correctly and apply it to the facts of the case.

*State v. Kurtz,* 152 S.W.3d 72, 81 (Tex. Crim.App.2004).

■ We apply a two-prong test when determining whether a defendant is entitled to an instruction on a lesser-included offense. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.1993); *Royster v. State,* 622 S.W.2d 442, 444 (Tex.Crim.App. 1981); *Black v. State,* 183 S.W.3d 925, 927 (Tex.App.-Houston [14th Dist.] 2006, pet. ref'd). First, the lesser-included offense must be included within the proof necessary to establish the charged offense. *See* Tex.Code Crim. Proc. Ann. art. 37.09 (West 2010); *Flores v. State,* 245 S.W.3d 432, 439 (Tex.Crim.App.2008). Second, some evidence must exist in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty of only the lesser-included offense. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex. Crim.App.1985).

■ The first prong is met in this case. Robbery is a lesser-included offense of aggravated robbery. *See Little v. State,* 659 S.W.2d 425, 425–26 (Tex.Crim.App.1983); *Williams v. State,* 240 S.W.3d 293, 299 (Tex.App.-Austin 2007, no pet.). The elements of these offenses are the same except that aggravated robbery requires an additional finding that the defendant used or exhibited a deadly weapon. *See* Tex. Penal Code Ann. §§ 29.02, 29.03 (West 2010). Therefore, with the first prong satisfied, we must only determine whether there was some evidence presented from which a jury could rationally find that appellant is guilty of robbery but not guilty of aggravated robbery. *See Hernandez v. State,* 171 S.W.3d 347, 351 (Tex. App.-Houston [14th Dist.] 2005, pet. ref'd).

■ In connection with the second prong, anything more than a scintilla of evidence is sufficient to entitle a defendant to a charge on the lesser-included offense. *Dobbins v. State,* 228 S.W.3d 761, 768 (Tex. App.-Houston [14th Dist.] 2007, pet.

dism'd). We do not consider the weight or credibility of the evidence, or whether it conflicts with other evidence. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim.App. 1992) (per curiam). Regardless of its strength or weakness, if the evidence establishes the lesser-included offense as a "valid, rational alternative to the charged offense," then the charge must be given. *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim.App.1999); *Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App.1994).

Appellant argues that he was entitled to an instruction on robbery because there was more than a scintilla of evidence showing that he did not use or exhibit a deadly weapon. Specifically, he relies on the 911 call, in which Alvarez questioned whether the weapon she observed may have been a toy gun. Because neither side requested an instruction limiting the jury's consideration of this evidence, it was admitted for all purposes. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex.Crim.App.2007).

Texas courts have examined a number of cases where a witness testified that a toy gun may have been used in the commission of an offense. Generally, this testimony arises through concessions by the complaining witness during cross-examination, or through claims of prior inconsistent statements issued by third parties. *See, e.g., Wilhoit v. State*, 638 S.W.2d 489, 499 (Tex.Crim.App.1982) (regarding as impeachment evidence testimony from investigating officer that complainant previously said she "most likely thought it was a toy type gun"); *Rogers v. State*, 795 S.W.2d 300, 303, 305 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd) (concluding that concession on cross-examination was not evidence of a lesser-included offense). In such cases, courts have typically treated the evidence of a toy gun as evidence admitted solely for purposes of impeachment. *See Wilhoit*, 638 S.W.2d at 499. Because impeachment evidence is not direct, substantive evidence that a deadly weapon was not used or exhibited, testimony that a weapon could have been a toy is often held to be insufficient to warrant an instruction on the lesser-included offense.[1] *Id.*

The evidence in this case differs from that considered in other opinions on this issue because the 911 call was published during the complainant's direct examination and it was not admitted for purposes of impeachment. Moreover, Alvarez was questioned by both the prosecutor and defense counsel as to the reasons why she indicated that the gun may have been fake. During both examinations, she conceded that at the time of her statement, she was uncertain as to the authenticity of the weapon because she had not seen many guns and she was generally unfamiliar

---

1. Though not binding on this court, we acknowledge that a number of unpublished memorandum opinions have approached this issue in similar fashion. *See Morales v. State*, No. 14–10–00261–CR, 2011 WL 1375573, at *2 (Tex.App.-Houston [14th Dist.] Apr. 12, 2011, no pet.) (mem. op., not designed for publication) (treating as impeachment evidence concession from complaining witness that he did not know for certain whether the gun was real); *Hosea v. State*, No. 14–08–00337–CV, 2009 WL 6338617, at *3 (Tex. App.-Houston [14th Dist.] Oct. 6, 2009, pet. ref'd) (mem. op., not designated for publication) (treating as impeachment evidence testimony on cross-examination that weapon may have been a toy gun or BB gun); *see also Thomas v. State*, Nos. 02–09–00441–CR & 02–09–00442–CR, 2011 WL 1833112, at *3 (Tex. App.-Fort Worth May 12, 2011, no pet. h.) (mem. op., not designated for publication) (holding that testimony that witness was unfamiliar with guns merely served as impeachment evidence regarding the witness's credibility); *Briscoe v. State*, No. 14–89–00713–CR, 1990 WL 79845, at *1 (Tex.App.-Houston [14th Dist.] June 14, 1990, pet. ref'd) (mem. op., not designated for publication) (holding that testimony that complainant was unsure if the gun was a toy or deadly weapon was insufficient to establish that a firearm was not used in the commission of the offense).

with firearms. This evidence merely established that Alvarez was unsure as to whether the gun was real; it was not evidence affirmatively showing that the weapon was a toy gun.[2] *Cf. Massey v. State,* 933 S.W.2d 141, 155 (Tex.Crim.App. 1996) ("That a witness agrees that anything is possible and that he cannot be 100 percent certain of anything does not raise *evidence* for purposes of a lesser included offense.").

To be entitled to an instruction on robbery, the record must contain affirmative evidence that a deadly weapon was not used. *See Hampton v. State,* 109 S.W.3d 437, 441 (Tex.Crim.App.2003), *abrogated on other grounds by Grey v. State,* 298 S.W.3d 644 (Tex.Crim.App.2009); *see also Lawrence v. State,* 783 S.W.2d 789, 793 (Tex.App.-El Paso 1990, no pet.) ("[A] defendant must be able to point to some evidence from some source which affirmatively reflects the weapon was not deadly . . . ."). No toy guns were ever recovered in this case, and appellant never produced any evidence on the use or exhibition of toy guns. Because the record does not contain affirmative evidence that a deadly weapon was not used, we conclude that the trial court did not abuse its discretion in refusing to submit a charge on robbery. *See Dobbins,* 228 S.W.3d at 768 (requiring that the record contain evidence "directly germane" to the lesser-included offense).

Accordingly, we overrule appellant's sole issue and affirm the judgment of the trial court.

**2.** Thus, even if we were to consider the 911 call a prior inconsistent statement admitted for all purposes, rather than impeachment, the evidence would still be insufficient to show affirmatively that a deadly weapon was not used. *See Navarro v. State,* 280 S.W.3d 405, 406–07 (Tex.App.-Amarillo 2008, no pet.) (observing that not all prior inconsistent statements must be used strictly for purposes of impeachment).