02-11-100-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00100-CR

 

 


 
 
 Daniel Martinez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371st
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.    
Introduction

 

          Appellant
Daniel Martinez appeals his conviction for aggravated robbery with a deadly
weapon.  In two points, Appellant argues that the evidence is insufficient to support
his conviction and that the trial court erred by overruling his request for a
lesser-included-offense instruction.  We will affirm.

II.  
Factual
Background

 

On
the evening of December 13, 2009, Jairo Reyes was playing pool at the Rosedale Saloon
in Fort Worth.  He saw two women enter the bar; they stayed for about twenty or
twenty-five minutes and then left.  Later in the evening, Reyes’s friend, who
owned the bar, asked Reyes to help tend bar.  Around 1:20 a.m. or 1:30 a.m. the
next morning, while Reyes was tending bar, the two women returned.  The women
asked Reyes if he wanted to have a couple of drinks with them.  Reyes suggested
that he and a friend join them for drinks, but the women stated that they did
not want anyone else to go along.  The bar was about to close, so the women
suggested they go to Reyes’s house for a drink.  Reyes did not want the women
to know where he lived, so he suggested that they get a motel room and drink
there.

Reyes
and the women left the bar around 2:05 a.m. in Reyes’s car.  Reyes drove to a branch
of Chase Bank, where he had an account, and withdrew $200 from the ATM to pay
for the motel room.  He then drove to a Days Inn motel that was across the
street and visible from the bank.

When
Reyes and the two women arrived at the motel room, Reyes and one of the women
began drinking beer and watching television while the other woman stepped
outside of the motel room to use Reyes’s cell phone.  Although the balcony door
was shut, Reyes heard the woman say she was going to be late, and then she
said, “Don’t worry, I’m at the hotel” and gave the name and address of the Days
Inn.  The woman eventually ended the cell phone call and came back into the
motel room.

Approximately
one minute later, Reyes heard a knock at the door.  The woman who had used
Reyes’s cell phone immediately answered the door without first asking who was
at the door.  Reyes saw two men standing in the doorway—Appellant, who was
holding a pocket knife, and another man, who was holding a taser.

The
man with the taser jumped on the bed where Reyes was sitting and used the taser
to shock Reyes on his neck.[2]  Appellant held the pocket
knife within two inches of Reyes’s face and said, “Mother-f-----, if you scream
or say something, I [sic] going to kill you.”[3]  The men told Reyes to
take off all of his clothes, and Reyes took off everything except his underwear
and socks.  The man with the taser tied Reyes’s hands and feet.  Appellant took
Reyes’s wallet, car keys, and some cash from Reyes’s pants pocket and demanded that
Reyes disclose the PIN for his ATM card.

Reyes
gave Appellant his PIN, and Appellant wrote the PIN down on a blank check that
Reyes had in his wallet.  Appellant told Reyes that if Reyes did not give him
the correct PIN, Appellant would call the man with the taser, and that man
would kill Reyes.  Appellant then put the pocket knife on a table in the motel
room and left.  The unidentified man with the taser picked up the pocket knife.

About
three minutes after Appellant had left the motel room, the man with the taser
received a call on his cell phone.  He then said to the two women, “[L]et’s go,”
and the three left the motel room.  Reyes untied himself, dressed, and called
9-1-1.

While
Reyes was speaking with police officers who had responded to his call, one
officer saw what appeared to be Reyes’s vehicle at the Chase Bank across the street
from the motel.  The officer drove to the bank and saw Appellant in Reyes’s car
in the bank’s drive-through ATM lane.  The police found Reyes’s ATM card,
receipts from the ATM, a blank check belonging to Reyes that had Reyes’s ATM
PIN written on it, and Reyes’s driver’s license in Appellant’s possession.

III.         
Sufficient
Evidence Exists
to Support
Appellant’s Conviction
for Aggravated
Robbery With
A Deadly Weapon

 

In
his first point, Appellant argues that the evidence is insufficient to support
his conviction for aggravated assault with a deadly weapon.  Appellant
challenges the deadly weapon element of the offense––claiming the evidence was
insufficient because no pocket knife was recovered.

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State, 330
S.W.3d 633, 638 (Tex. Crim. App. 2010).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences
from basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Isassi, 330 S.W.3d at 638.  The trier of fact is the
sole judge of the weight and credibility of the evidence.  See Tex. Code
Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564,
568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus,
when performing an evidentiary sufficiency review, we may not re-evaluate the
weight and credibility of the evidence and substitute our judgment for that of
the factfinder.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007).  Instead, we Adetermine whether the
necessary inferences are reasonable based upon the combined and cumulative
force of all the evidence when viewed in the light most favorable to the
verdict.@  Hooper
v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the verdict and
defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Isassi,
330 S.W.3d at 638.

A
person commits robbery if in the course of committing theft and with intent to
obtain or maintain control of the property, he intentionally, knowingly, or
recklessly causes bodily injury to another or intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death.  Tex.
Penal Code Ann. § 29.02(a) (West 2011).  A person commits aggravated robbery if
he commits robbery and uses or exhibits a deadly weapon.  Id. § 29.03(a)(2)
(West 2011).

          To establish that the
defendant’s use of a knife constituted the use of a deadly weapon, the State is
not required to introduce the knife in evidence; a witness may establish the
use of the knife as a deadly weapon by describing the knife and the manner in
which it was used.  See Magana v. State, 230 S.W.3d 411, 414 (Tex. App.—San
Antonio 2007, pet. ref’d); Billey v. State, 895 S.W.2d 417, 420 (Tex.
App.—Amarillo 1995, pet. ref’d) (citing Morales v. State, 633 S.W.2d
866, 868 (Tex. Crim. App. 1982)).  An ordinary knife is not a deadly weapon per
se; that is, it is not an object manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury.  Tex. Penal Code Ann. § 1.07(a)(17)(A)
(West 2011); Tucker v. State, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008)
(citing McCain v. State, 22 S.W.3d 497, 502–03 (Tex. Crim. App. 2000)). 
When a knife is alleged to have been used as a deadly weapon and no actual
injury was sustained by the victim, the State must introduce evidence of other
factors to establish that the knife was used as a deadly weapon.  Victor v.
State, 874 S.W.2d 748, 751–52 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d).  Those factors include the size, shape, and sharpness of the knife; the
manner of its use or intended use; the nature or existence of inflicted wounds;
evidence of the knife’s life-threatening capabilities; the physical proximity between
the victim and the knife; and any words spoken by the one using the knife.  Id.

Here,
Reyes testified at trial that the pocket knife had a sharp blade that was
approximately “three or four inches” long and had a sharp tip and that
Appellant held the knife within two inches of Reyes’s face while pointing the
sharp end of the knife toward Reyes’s face and threatening to kill him if he
did not comply with Appellant’s demands.  Reyes further testified that he was afraid
and was “[one] hundred percent” sure that the pocket knife was capable of
causing him serious injury or death.

Viewing
the evidence in the light most favorable to the verdict, we hold that the
evidence is sufficient to permit any rational trier of fact to find that the
knife—which Appellant wielded two inches from Reyes’s face while threatening him
with death if he did not comply with Appellant’s demands—was used as a deadly
weapon and was capable of causing death or serious bodily injury.  See,
e.g., Magana, 230 S.W.3d at 414 (holding evidence sufficient to prove small
pocket knife not admitted in evidence was a deadly weapon when defendant
inflicted superficial wounds on victim while telling her that he wished she
would die and emergency room physician testified that he considered small
pocket knife to be a deadly weapon capable of causing serious injury or death).
 We overrule Appellant’s first point.

IV.        
Trial
Court Did
Not Err
By Overruling
Appellant’s Request
for an
Instruction on
Lesser-Included
Offense of
Robbery

 

In
his second point, Appellant argues that the trial court erred by overruling his
request for an instruction on the lesser-included offense of robbery.

We
use a two-step analysis to determine whether an appellant was entitled to a lesser-included
offense instruction.  Hall v. State, 225 S.W.3d 524, 528 (Tex. Crim.
App. 2007); Rousseau v. State, 855 S.W.2d 666, 672B73
(Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993).  First, we
determine whether the lesser offense is, in fact, a lesser-included offense of
the charged offense.  See Tex. Code Crim. Proc. Ann. art. 37.09 (West
2006); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  Second,
some evidence must exist in the record that would permit a jury to rationally
find that if the appellant is guilty, he is guilty only of the lesser offense. 
Hall, 225 S.W.3d at 536; Salinas v. State, 163 S.W.3d 734, 741
(Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at 672B73.

The
State agrees that in the present case robbery is a lesser-included offense
under the first prong of the two-pronged test set forth above.  See Little
v. State, 659 S.W.2d 425, 426 (Tex. Crim. App. 1983); Penaloza v. State,
349 S.W.3d 709, 711 (Tex. App.—Houston [14th Dist.] 2011, pet. ref’d).

We
thus next examine whether some evidence exists in the record that would permit
a jury to rationally find that if Appellant is guilty, he is guilty only of the
lesser offense.  See Hall, 225 S.W.3d at 536.  We evaluate the evidence in
the context of the entire record; there must be some evidence from which a
rational jury could have acquitted Appellant of the greater offense while
convicting him of the lesser-included offense.  See Moore, 969 S.W.2d at
8.  Neither this court nor the trial court may consider whether the lesser-included-offense
evidence is credible, controverted, or in conflict with other evidence.  Id. 
Anything more than a scintilla of evidence may be sufficient to have entitled
the defendant to a lesser charge.  Hall, 225 S.W.3d at 536.  But a
charge on the lesser-included offense is not required when the defendant
presents evidence that no offense was committed and there is no evidence
otherwise showing that the defendant is guilty of a lesser-included offense.  Lofton
v. State, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001).

Appellant
was the only defense witness.  The only exhibit he offered in evidence was a
picture of the Rosedale Saloon.  Appellant testified that he was not involved
in any robbery or aggravated robbery but rather was involved in a drug deal.  According
to Appellant, a drug dealer and pimp named “Indio,” whom Appellant had just
met, offered to pay Appellant $100 to accompany him to the Days Inn to sell
drugs.  Appellant testified that Indio told him that some of his “girls” were
selling drugs,[4] that they had found
someone who wanted to buy drugs, and that Indio needed Appellant’s help to
complete the drug deal.

Appellant
testified that he and Indio drove to the Days Inn motel and that he never
completely entered the motel room because Indio did not want him to look at the
girls, who were allegedly naked.  The person or people in the motel room who
were purchasing the drugs did not have enough money to pay for the drugs, so
Indio told Appellant to drive a car belonging to one of the women to an ATM and
to use the man’s ATM card to withdraw money from the ATM.

Appellant
said that he drove to the ATM and withdrew $240, as instructed by Indio and was
arrested there.  Appellant testified that he did not have a pocket knife at any
time during the transaction.

Appellant
points to his testimony as entitling him to a lesser-included-offense
instruction.  Appellant, however, repeatedly testified that he was not involved
in any robbery or in any aggravated robbery but instead was involved in a drug
deal.  Examining the entire record, no evidence exists from which a rational
jury could have acquitted Appellant of aggravated robbery while convicting him
of robbery. See Hall, 225 S.W.3d at 536; Salinas, 163 S.W.3d at
741; Rousseau, 855 S.W.2d at 672B73; see
also Glassey v. State, 117 S.W.3d 424, 433–34 (Tex. App.—Fort Worth 2003,
no pet.) (holding defendant charged with attempted capital murder was not
entitled to lesser-included instruction on attempted murder).  We overrule
Appellant’s second point.

V. 
Conclusion

 

Having
overruled Appellant’s two points, we affirm the trial court’s judgment.

 

 

                                                                             SUE
WALKER

                                                                             JUSTICE

 

 

PANEL: 
GARDNER, WALKER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 29, 2012









[1]See Tex. R. App. P. 47.4.





[2]Reyes testified that the
jolt from the taser “was not that strong” and only left a mark the size of a
mosquito bite.





[3]Reyes testified that the
women were standing by the television and did not appear to be frightened of
Appellant and the other man.





[4]Appellant also testified
at trial that it was the women, and not the man, who were going to purchase the
drugs.