**Affirmed and Memorandum Opinion filed November 1, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00691-CR

**JORDAN ANTHONY BEKEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1387087**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jordan Anthony Beken of aggravated robbery with a deadly weapon. The jury sentenced appellant to confinement for sixty years in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine in the amount of $10,000. Appellant claims on appeal that the State failed to prove a deadly weapon was used or exhibited and that he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Based upon the eyewitness testimony of the complainant, Dannan Masters, and Rachel Wood, Masters' girlfriend at the time, three men were involved in the robbery.[1] Appellant was charged as a party to the offense.[2] Masters and Wood identified appellant in court as one of those men. Jerry Stracener, whom Masters knew, pled guilty to burglary of a habitation pursuant to a plea bargain in connection with this case. The third man was "Quinton;" his last name remained unknown. The indictment in this case alleged that a deadly weapon, namely a firearm, was used or exhibited during the robbery. A firearm is a deadly weapon *per se*. Tex. Penal Code § 1.07(a)(17).

## USE OR EXHIBITION OF A FIREARM

In his first issue, appellant contends the State failed to prove a firearm was used or exhibited in the commission of the robbery. Stracener testified that the gun Quinton held was an Airsoft pellet gun and therefore, appellant argues, was not a firearm.[3] Appellant's claim that the State failed to meet its burden of proof is based upon Stracener's testimony.

The record reflects that both Masters and Wood were familiar with firearms. Masters testified that there was "a pistol" in his face. Masters said that, at first, Stracener was holding the "pistol" but handed it to Quinton. Wood testified that

---

[1] Because appellant's issues do not necessitate full recitation of the facts of the offense, we have limited discussion of them.

[2] A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, the person solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex. Penal Code § 7.02(a)(2).

[3] As applicable to this case, a firearm is "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance." Tex. Penal Code § 46.01(3).

Quinton was holding "a pistol" and pointed it at her. Wood also described the weapon in Quinton's possession as "the gun." Wood testified that Stracener told Quinton to kill her.

Deputy Emilia Perez-Villanueza of the Harris County Sheriff's Office responded to a call and went to Masters' home. He reported one of the men had "a rifle." Her offense report reflected that Wood said a black "rifle" was pointed at her.

Stracener testified that when they entered Masters' home, Quinton had an "Airsoft gun" that looked like a real gun. Stracener said it held "fake BBs" and looked like a black pistol. Stracener testified that Quinton pointed the Airsoft gun at Masters. Stracener also testified that appellant was not present and only he and Quinton participated in the robbery. Appellant did not testify, and no gun was ever recovered.

The jury is the sole judge of the credibility of witnesses and the weight afforded their testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The jury was free to completely disregard Stracener's testimony and assign it no weight. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *McCelvey v. State*, 143 S.W.3d 522, 531 (Tex. App.—Austin 2004, pet. ref'd).

Appellant was charged, as a party, with using or exhibiting a firearm, a deadly weapon *per se*. *See* Tex. Penal Code § 1.07(a)(17)(A). Accordingly, the State had to prove the pistol was a firearm. *See Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991); *Tidwell v. State*, 187 S.W.3d 771, 775–76 (Tex. App.—Texarkana 2006, pet. stricken). This it did through the testimony of Masters and Wood.

The jury heard evidence from Masters and Wood that the gun held by Quinton and pointed at Masters was a "pistol" and a "gun." Neither Masters nor Wood gave any testimony that it was an Airsoft gun. *See generally Penaloza v. State*, 349 S.W.3d 709, 712 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (complainant's testimony indicating that gun may have been fake was not evidence affirmatively showing weapon was toy gun). Ordinarily, testimony using the term "gun" is sufficient to authorize the jury to find that a deadly weapon was used. *Wright v. State*, 591 S.W.2d 458, 459 (Tex. Crim. App. [Panel Op.] 1979). Although the officer testified that Masters and Wood described the gun as a "rife," the discrepancy was a matter for the jury's resolution and that description is also not contrary to the jury's determination that a firearm was used. In the absence of any specific indication to the contrary at trial, a jury reasonably may infer from a complainant's testimony that a "gun" was used in the commission of a crime, that the gun was, in fact, a firearm. *Cruz v. State*, 238 S.W.3d 381, 388 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Moreover, the jury heard evidence that Stracener told Quinton to kill Wood with the gun. The threat, made while Quinton was pointing a gun at Wood, suggests that he held a firearm rather than a nonlethal gun. *See Davis v. State*, 180 S.W.3d 277, 286 (Tex. App.—Texarkana 2005, no pet.). The jury was entitled to believe Quinton was capable of carrying out Stracener's instruction. *See Delgado v. State*, 986 S.W.2d 306, 308–09 (Tex. App—Austin 1999, no pet.) (providing that the jury was entitled to believe an accused was capable of making good on his threats when the evidence reflected that he brandished an unloaded pistol, held it to the heads of the complainants, and threatened to kill them).

Thus, we conclude there was sufficient evidence to support the jury's determination that a firearm was used or exhibited in the commission of the robbery

and that appellant was guilty of aggravated robbery with a deadly weapon. Appellant's first issue is overruled.

## CLAIMS OF INEFFECTIVE ASSISTANCE

Appellant's second, third, and fourth issues contend he received ineffective assistance of counsel in both the guilt/innocence and punishment phases of his trial. Appellant did not file a motion for new trial raising ineffective assistance of counsel.

An accused is guaranteed the right to reasonably effective assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997); *see also* Tex. Code Crim. Proc. art. 1.051. To prevail on an ineffective-assistance claim, a defendant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694, 104 S.Ct. 2052; *see Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution). In considering such a claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To rebut this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017).

Generally, trial counsel should be given an opportunity to explain counsel's actions before being found ineffective. *Id.* Direct appeal is an inadequate vehicle for

raising such a claim in most cases because the record generally stands undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. In the face of a silent record, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). A sound trial strategy may be executed imperfectly, but a defendant is not entitled to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). We "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Counsel's failure to pursue a defense, call a witness, or object to evidence is not insulated from review, but generally will not be found ineffective unless a defendant overcomes the presumption that counsel's actions were based in sound trial strategy. *Ex parte Flores*, 387 S.W.3d 626, 633 (Tex. Crim. App. 2012).

Regarding the guilt/innocence phase, appellant claims his trial counsel was ineffective for failing to argue an Airsoft gun is not a firearm. The record reflects trial counsel did not make that argument in his closing. Rather, counsel chose to argue that the State failed to prove appellant was one of the robbers; as counsel stated, the issue was "who did it." Counsel challenged the credibility of Masters and the reliability of the in-court identification of appellant by Masters and Wood. However, counsel never mentioned Stracener's testimony that appellant was not there.

"Closing argument is an area where trial strategy is most evident." *Flemming v. State*, 949 S.W.2d 876, 881 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Only if an attorney's actions are without any plausible basis will we review matters of trial

strategy. *Id*. In his closing argument, counsel chose to give a selective synopsis of the evidence that did not rest upon Stracener's credibility. Such an inherently tactical decision may be based on the way a trial is unfolding, the trial strategy employed, and the experience and judgment of the defense attorney, as well as other factors. *See Taylor v. State*, 947 S.W.2d 698, 704 (Tex. App.—Fort Worth 1997, pet. ref'd). As mentioned above, trial evidence supported a finding that a firearm was used or exhibited in the commission of the robbery. On this record, we cannot say that trial counsel's failure to argue that an Airsoft gun is not a firearm was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392. Issue two is overruled.

As to the punishment phase, appellant argues trial counsel rendered ineffective assistance by failing to investigate and discover or present any mitigating evidence. A claim for ineffective assistance based on trial counsel's alleged failure to investigate fails absent a showing of what the investigation would have revealed that reasonably could have changed the result. *See Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). "Ineffective assistance of counsel claims are not built on retrospective speculation; they must be firmly founded in the record." *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (internal quotation marks omitted). Because the record before us contains no such evidence, we cannot conclude that appellant has satisfied the second *Strickland* prong — that there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different.[4] Issues three and four are overruled.

---

[4] The record reflects that appellant pled "true" to an enhancement paragraph alleging a prior felony conviction for indecency with a child. Further, appellant stipulated to having previously been convicted of two other felony offenses and seven misdemeanor offenses.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

/s/     John Donovan
Justices

Panel consist of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish—Tex. R. App. P. 47.2(b).