# NO. 12-18-00129-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JARODE DETWIN WILSON,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jarode Wilson appeals his conviction for aggravated robbery. In a single issue, Appellant argues the trial court erred by not including a lesser included offense instruction in the jury charge. We affirm.

## BACKGROUND

On July 25, 2017, Cleotha Whitaker gave Appellant a ride at the request of a friend, Latoya Bolden.[1] Appellant was supposed to pay $5.00 for the ride. Appellant requested Whitaker stop at a convenience store and then a house. Whitaker became agitated and suspicious when Appellant still had not paid him and Whitaker attempted to leave. Appellant jumped into the vehicle's back seat and became aggressive. Whitaker saw a handgun in Appellant's lap and began planning his escape. Whitaker drove to his "guardian mother's house" because it had a security light. After he pulled into the driveway, he placed the vehicle in park, attempted to grab his keys, and fled the vehicle. Bolden, who was in the passenger seat, also fled. After Appellant drove off in the vehicle, Whitaker retrieved his phone from Bolden and called 911. Appellant was apprehended by police while driving Whitaker's vehicle.

---

[1] Bolden did not testify at trial.

Appellant was arrested and charged by indictment with aggravated robbery with a deadly weapon. He pleaded "not guilty" and the matter proceeded to a jury trial. At the charge conference, Appellant requested a jury instruction for the lesser included offense of unauthorized use of a motor vehicle, which was denied. The jury found Appellant "guilty." At the sentencing portion of trial, Appellant pleaded "true" to the enhancement paragraph. Following evidence and argument, the court assessed punishment at thirty years imprisonment. This appeal followed.

## CHARGE ERROR

In his sole issue, Appellant contends that the trial court erred by not instructing the jury on a lesser included offense, unauthorized use of a motor vehicle, in the jury charge.

### Applicable Law

A two-step process is used to determine whether an appellant was entitled to an instruction on a lesser included offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). First, we determine whether the offense qualifies as a "lesser included offense" under Article 37.09 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006); *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). This is a question of law and does not depend on the evidence raised at trial. *Cavazos*, 382 S.W.3d at 382; *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). Under Texas Code of Criminal Procedure Article 37.09, an offense is a lesser included offense if (1) it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09.

If the offense is a lesser included offense under Article 37.09, we move to the second step and consider whether the evidence shows that if the appellant is guilty, he is guilty only of the lesser offense. *Cavazos*, 382 S.W.3d at 383. This second step is a question of fact and is based on all of the evidence presented at trial, regardless of whether it is weak, impeached, or contradicted. *Id.*

2

Although the threshold showing for an instruction on a lesser included offense is low—more than a scintilla of evidence—the evidence must establish that the lesser included offense is a valid and rational alternative to the charged offense. *See Hall*, 225 S.W.3d at 536. "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the fact finder to consider before an instruction on a lesser included offense is warranted." *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Meeting this threshold requires more than mere speculation; it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense. *Cavazos*, 382 S.W.3d at 385.

A person commits the offense of unauthorized use of a vehicle if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner. TEX. PENAL CODE ANN. § 31.07 (West 2016). A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of the property. *Id.* § 31.03(a) (West Supp. 2018). Appropriation of property is unlawful if: (1) it is without the owner's effective consent; (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or (3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another. *Id.* § 31.03(b). In turn, the offense of theft is enhanced to robbery if a person in the course of committing theft and with intent to obtain or maintain control of the property: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id.* § 29.02 (West 2011). Finally, to elevate this offense to aggravated robbery, the State must prove the robbery and, that during the course of the robbery, the defendant either: (1) caused serious bodily injury to another; (2) used or exhibited a deadly weapon; *or* (3) caused bodily injury to another person *or* threatened *or* placed another person in fear of imminent bodily injury or death, if the other person is over sixty-five years old or disabled. *Id.* at § 29.03 (West 2011) (emphasis added).

## Analysis

Appellant argues that he was entitled to a lesser included offense instruction because there was a dispute as to whether he exhibited a handgun and took Whitaker's vehicle via force. To support his argument, Appellant points to Whitaker's testimony that the handgun he believed he

saw could have been fake. Appellant contends that because law enforcement never found a handgun, the evidence supports his claim that a handgun was not used. He further points to testimony that Appellant told an officer that Whitaker gave him permission to drive because Whitaker was intoxicated.

Appellant correctly states that unauthorized use of a motor vehicle can be a lesser included offense of aggravated robbery. *See Pierson v. State,* 689 S.W.2d 481, 482 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). The Texas Court of Criminal Appeals, in *Griffin v. State,* concluded that unauthorized use of a motor vehicle could be a lesser included offense of aggravated robbery:

> Unauthorized use of a vehicle is a lesser-included offense of theft. Theft, in turn, can be a lesser-included offense of robbery. Robbery can be a lesser-included offense of aggravated robbery. Therefore unauthorized use of a vehicle can be a lesser-included offense of aggravated robbery.

614 S.W.2d 155, 158 n.4 (Tex. Crim. App. [Panel Op.] 1981) (internal citations omitted); *see Roy v. State*, 76 S.W.3d 87, 96–97 (Tex. App.—Houston [14th Dist.] 2002, no pet.). However, to be entitled to the instruction on unauthorized use of a motor vehicle, the record must contain affirmative evidence that a deadly weapon was not used. *See Penaloza v. State*, 349 S.W.3d 709, 713 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (determining whether appellant entitled to lesser included offense on robbery in aggravated robbery case); *Hampton v. State,* 109 S.W.3d 437, 441 (Tex. Crim. App. 2003), *abrogated on other grounds by Grey v. State,* 298 S.W.3d 644 (Tex. Crim. App. 2009); *see also Lawrence v. State,* 783 S.W.2d 789, 793 (Tex. App.—El Paso 1990, no pet.) ("[A] defendant must be able to point to some evidence from some source which affirmatively reflects the weapon was not deadly...."); *see also Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th dist.] 2007, pet. dism'd) (requiring that the record contain evidence "directly germane" to the lesser-included offense).

In this case, no evidence was presented that affirmatively showed Appellant did not use a handgun when he appropriated Whitaker's vehicle. Whitaker testified that he saw Appellant with a gun in the backseat. He further testified that he saw the handgun when Appellant stood in the sunroof while Whitaker fled. Officer Bianca Smedley with the Tyler Police Department testified that Bolden told her that Appellant had "pointed a gun at them and taken the vehicle." In addition, the evidence showed that the responding officers were informed that Appellant took the vehicle "at gunpoint." Officer Joshua Smedley testified that the dispatcher informed him that the caller,

4

Whitaker, said that his vehicle was taken at gunpoint. Officer Smedley also testified that dispatch informed her and her partner that a male robbed a vehicle at gunpoint. Moreover, Whitaker's testimony that the gun he saw could have been fake is not affirmative evidence that a gun was not used. *See Penaloza*, 349 S.W.3d at 712 (testimony that the victim was unsure whether a gun was real is not evidence affirmatively showing the weapon was a toy gun). As a result, the record does not contain any affirmative evidence that Appellant did not use a gun while robbing Whitaker of his vehicle. *See id.*, 349 S.W.3d at 712–13. For this reason, the trial court did not err in refusing to charge the jury on the lesser-included offense of unauthorized use of a motor vehicle. *See id.* Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's single issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered February 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2019**

**NO. 12-18-00129-CR**

**JARODE DETWIN WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1168-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*