**Reversed and Remanded and Opinion filed October 16, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00669-CR

**ROGER CHARLES BRIDGES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 434th District Court
Fort Bend County, Texas
Trial Court Cause No. 11-DCR-056228**

## O P I N I O N

A jury convicted appellant Roger Bridges of aggravated assault with a deadly weapon and assessed his punishment at fifteen years' imprisonment. In three issues, appellant argues that the trial court abused its discretion in denying his requests for jury instructions on a lesser included offense and self-defense. We reverse and remand for a new trial.

## BACKGROUND

Appellant stayed away from home all night on December 15, 2010. His wife Peggy was angry, upset, and hurt because appellant did not tell her where he was. When

Peggy arrived home after work the next day, appellant was in their living room. Peggy screamed and cursed at him, and he went into the bedroom. Peggy followed him and called him a "punk," angering him. Peggy told an officer at the scene that at some point during the altercation, appellant left the room and brought a knife from the kitchen. However, at trial Peggy said that the knife could have been in the bedroom already. Appellant grabbed Peggy by the hair and pulled her along while she was trying to pull away. Some of her hair came out, which left a bald spot. Appellant then grabbed Peggy's blouse. She pulled back, her blouse tore, and her arm was bruised. Appellant and Peggy fell onto the nightstand, knocking it over, and they both hit the floor. Appellant climbed on top of Peggy and straddled her so she could not get up.

Peggy told the officer that while appellant was straddling her, he said, "I'll show you what a punk can do, I'll gut you . . . I'll kill you." Peggy's hand was cut during the altercation. Peggy told the officer that appellant already had the knife when he pulled her hair and she cut her hand trying to hold the blade away from her neck. At trial, however, she testified that she grabbed the knife off the floor by the blade and cut her hand when appellant took the knife away. She consistently testified that, while straddling her, appellant held the knife to her neck and said "don't let me hurt you." Appellant told the officer at the scene that he never had the knife. He said that Peggy had been hitting him, he pulled her hair to defend himself and she yanked away, causing her hair to come out.

Peggy started praying out loud, and appellant got off her and left the room. Peggy dialed 911 while appellant was out of the room and left the phone line open on her night stand. Appellant came back into the room, and they continued to argue about Peggy calling appellant a punk while the phone line was open.[1] Officers arrived and arrested appellant for aggravated assault with a deadly weapon. Before trial, Peggy filed an affidavit of non-prosecution because she did not want to testify against appellant.

---

[1] The 911 operator was a friend of Peggy's family. The operator notified the family when the call came in, and her sisters arrived at the house before the police.

## LESSER INCLUDED OFFENSE

Appellant argues in his second issue that the trial court abused its discretion by denying appellant's request for a jury instruction on the lesser included offense of assault by threat.[2] We agree.

Claims of charge error are subject to a two step inquiry. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). First, we determine if there was error in the charge. *Id*. (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). If so, then we determine whether the appellant was harmed by the error. *Id*. When, as here, the appellant objected to the error in the trial court, we will reverse if the error caused "some harm," that is, if the error was "calculated to injure the rights of the defendant." *Id*. (citing *Almanza*, 686 S.W.2d at 171).

**Was there error in the charge?** We first analyze whether the trial court abused its discretion in refusing appellant's request for a lesser included offense instruction. *See Jackson v. State,* 160 S.W.3d 568, 574 (Tex. Crim. App. 2005); *see also Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd). We analyze this issue in two steps. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). We first determine as a matter of law whether the indictment for the greater inclusive offense either alleged all of the elements of the lesser included offense or alleged elements plus facts (including descriptive averments) from which all of the elements of the lesser included offense may be deduced.[3] *Id*. at 535-36; *Ex Parte Watson,* 306 S.W.3d 259, 263-64 (Tex. Crim. App. 2009). This analysis does not depend on evidence presented at trial. *Hall*, 225 S.W.3d at 535. If the requested offense is a lesser included offense of the

---

[2] An offense is a lesser included offense if it (1) is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) consists of an attempt to commit the offense charged or an otherwise included offense. Tex. Code Crim. Proc. art. 37.09.

[3] This step is referred to as the "cognate-pleadings approach." *Hall*, 225 S.W.3d at 525.

alleged offense, we then determine whether any evidence adduced at trial supports giving the instruction to the jury. *Hall*, 225 S.W.3d at 536.

> Appellant was charged with aggravated assault by threat as follows:
>
> [T]he defendant, heretofore on or about December 16, 2010, did then and there intentionally and knowingly threaten Peggy Bridges with imminent bodily injury and did then and there use or exhibit a deadly weapon, to wit: a knife, during the commission of said assault[.]

Appellant asked for a lesser included offense instruction of misdemeanor assault by threat because he denied having a knife during the altercation. A person commits assault by threat if the person intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse. Tex. Penal Code § 22.01(a)(2); *see also Dobbins*, 228 S.W.3d at 769. Both appellant and the State agree that, as alleged in this case, assault by threat would be a lesser included offense of aggravated assault.

We thus address whether sufficient evidence adduced at trial supported giving the instruction to the jury. *Hall*, 225 S.W.3d at 536. The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser included offense. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Id.* Although this threshold showing is low, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). This standard is satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Goad*, 354 S.W.3d at 446. We consider all of the evidence admitted at trial, not just the evidence presented by the defendant. *Id.* However, we may not consider "[t]he credibility of the evidence and whether it conflicts with other evidence or is controverted." *Id.* at 446-47.

4

Appellant argues the evidence supported an assault by threat instruction because the officer at the scene testified that appellant "stated he had never had a knife during the altercation with Peggy." Appellant, while straddling Peggy, threatened her, "don't let me hurt you," and "I'll gut you . . . I'll kill you." Peggy cut her hand during the altercation. She told the officer that she did so trying to hold the knife away from her neck while appellant was straddling her. At trial, Peggy said she grabbed the knife and her hand was cut as appellant took it away.

The key distinction between simple assault by threat, as requested by appellant, and aggravated assault by threat, as charged, is that an aggravated assault charge requires the State to establish that appellant used a deadly weapon during the commission of the assault, whereas a charge of simple assault by threat does not. *See* Tex. Penal Code §§ 22.01(a)(2), 22.02(a)(2). Accordingly, appellant's statement that he never had a knife is direct evidence that he did not commit aggravated assault by threat. *See Goad*, 354 S.W.3d at 447-48 (noting a defendant's testimony that he lacked intent to commit a felony when entering another's property would be sufficient to support a criminal trespass instruction as a lesser included offense of burglary of habitation). Alternatively, if the jury chose to believe Peggy's second explanation regarding how her hand was cut—by appellant taking the knife away from her—the jury could reasonably infer that appellant did not threaten Peggy with a knife. We note, however, that this explanation conflicts with appellant's denial that he ever had the knife and is inconsistent with his making the threat "I'll gut you." But for purposes of determining whether the evidence supports a lesser included offense instruction, we may not consider the credibility of the evidence or whether it conflicts with other evidence. *Id*. at 446, 448. The jury alone may resolve conflicts in the evidence. *Id*. at 448. We conclude that the trial court abused its discretion by denying appellant's request for a jury charge on assault by threat.

**Was appellant harmed?** As set forth above, jury charge error requires reversal when the defendant has properly objected to the charge, as here, and we find "some harm" to his rights. *Ngo*, 175 S.W.3d at 743. Harm exists when the penalty imposed for

5

the charged offense exceeds the potential penalty for the lesser included offense. *See Bignall v. State*, 899 S.W.2d 282, 284 (Tex. App.—Houston [14th Dist.] 1995, no pet.). Harm also generally exists whenever the failure to submit a lesser included offense leaves the jury with the sole option of either convicting defendant of the greater offense or acquitting him. *Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995).

Here, appellant's conviction for aggravated assault carried a punishment of 15 years' imprisonment, whereas the maximum punishment for a conviction for assault by threat would have been a $500 fine. Tex. Penal Code §§ 12.23, 22.01(a)(2), (c). Thus, appellant suffered harm. *See Benge v. State*, 94 S.W.3d 31, 37 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (holding appellant suffered sufficient harm for reversal when appellant was sentenced to one year's confinement for deadly conduct, but the maximum penalty for reckless driving would have been confinement for 30 days and a $200 fine).

Appellant was also harmed because the jury was not permitted to fulfill its role as factfinder to resolve the factual disputes regarding whether appellant used or exhibited a knife when he threatened Peggy. Rather, the jury was left with the sole option of either convicting appellant of aggravated assault or acquitting him. *See, e.g., Beck v. Alabama*, 447 U.S. 625, 634 (1980) (noting that a jury, believing defendant to have committed some crime, but given only the option to convict him of a greater offense, may choose to find a defendant guilty of the greater offense, rather than to acquit him altogether, even though the jury may have a reasonable doubt defendant really committed the greater offense); *Saunders*, 913 S.W.2d at 572 (noting that "[i]t is at least arguable that a jury that believed the defendant committed an uncharged lesser included offense, but unwilling to acquit him of all wrongdoing, and therefore inclined to compromise, would opt for a lesser included offense that was submitted rather than convict him of the greater offense").

We cannot say with confidence that the error in the charge did not cause some harm to appellant. The statutory standard for reviewing error in the charge requires us to

set aside the verdict and remand the case for a new trial. *See Ovalle v. State*, 13 S.W.3d 774, 788 (Tex. Crim. App. 2000). We sustain appellant's second issue and thus do not reach his first and third issues.

The judgment of guilt is reversed, and the case is remanded to the district court for a new trial.


/s/     Martha Hill Jamison
        Justice

Panel consists of Justices Boyce, Christopher, and Jamison.

Publish — TEX. R. APP. P. 47.2(b).