ACCEPTED
14-15-00531-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/3/2015 3:32:06 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00531-CR

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/3/2015 3:32:06 PM
CHRISTOPHER A. PRINE
Clerk

DAVID DANIEL RODRIGUEZ
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1967991
From the County Criminal Court at Law No. 1 of Harris County, Texas

BRIEF FOR APPELLANT

ORAL ARGUMENT REQUESTED

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

DAUCIE SCHINDLER
Assistant Public Defender
Harris County, Texas
TBN 24013495
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

**Counsel for Appellant**

1

## IDENTITY OF PARTIES AND COUNSEL

Appellant

David Daniel Rodriguez
Harris County Jail
SPN 02382462
701 N. San Jacinto Street
5G1 O1T
Houston, Texas 77002

Defense Counsel at Trial

Ms. Marie Munier
Mr. Tommy LaFon
Attorneys at Law
1244 Heights Blvd.
Houston, Texas 77008
(713)880-9965

Prosecutor at Trial

Ms. Jilliam Hawkins
Ms. Tara Shaikh
*Assistant District Attorneys*
*Harris County*
1201 Franklin Street, 6th Floor
Houston, Texas 77002
(713)755-5800

Presiding Judge

The Honorable Paula Goodheart
County Criminal Court No. 1
1201 Franklin Street, th Floor
Houston, Texas 77002

Appellant's Counsel

Daucie Schindler
*Assistant Public Defender*
*Harris County*
1201 Franklin Street, 13th Floor
Houston, Texas 77002
(713)274-6717

# TABLE OF CONTENTS

IDENTITY OF PARTIES ARGUMENT.................................................................... 1

TABLE OF CONTENTS............................................................................... 2

INDEX OF AUTHORITIES .......................................................................... 4

STATEMENT OF THE CASE .......................................................................... 5

ISSUES PRESENTED .................................................................................... 5

    **ISSUE ONE:** THE TRIAL COURT ERRED BY DENYING MR. RODRIGUEZ'
    REQUEST FOR AN INSTRUCTION ON THE LESSER-INCLUDED OFFENSE OF
    "ATTEMPTED POSSESSION OF A CONTROLLED SUBSTANCE"

STATEMENT OF FACTS.................................................................................. 5

SUMMARY OF THE ARGUMENT ................................................................. 8

ISSUE ONE ................................................................................................... 8

ARGUMENT.................................................................................................. 8

    Standard of Review................................................................................ 8
    Argument ............................................................................................... 8

PRAYER ...................................................................................................... 11

CERTIFICATE OF COMPLIANCE.................................................................. 12

CERTIFICATE OF SERVICE ......................................................................... 13

# INDEX OF AUTHORITIES

## Cases

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). ................................................ 8

*Bignall v. State*, 887 S.W.2d 21 (Tex. Crim. App. 1994) ..................................................... 10

*Bridges v. State*, 389 S.W.3d 508 (Tex. App. –Houston [14th Dist.] 2012, no pet.)......... 10

*Forest v. State*, 989 S.W.2d 365 (Tex. Crim. App. 1999)....................................................... 9

*Haley v. State*, 396 S.W.3d 766 (Tex. App. –Houston [14th Dist.] 2013, no pet.) ............ 8

*Hutch v. State*, 922 S.W.2d 166 (Tex. Crim. App. 1996) ....................................................... 8

*Olivas v. State,* 202 S.W.3d 137 (Tex. Crim. App. 2006) ....................................................... 8

*Robertson v. State*, 871 S.W.2d 701 (Tex. Crim. App. 1993) ............................................... 10

*Rousseau v. State*, 855 S.W.2d 666 (Tex. Crim. App. 1993). ................................................. 9

## Statutes

TEX. CODE CRIM. PROC., ART. 37.09 ....................................................................................... 9

TEX. HEALTH & SAFETY CODE §481.104(2) ......................................................................... 9

TEX. PENAL CODE § 15.01 ........................................................................................................ 9

## STATEMENT OF THE CASE

Mr. Rodriguez was charged with the misdemeanor offense of possession of a controlled substance, namely, less than 24 grams of Alprazolam. (C.R. at 8). Mr. Rodriguez entered a plea of not guilty on June 2, 2015, and proceeded to trial by jury. On June 3, 2015, the jury found Mr. Rodriguez guilty as charged. The court sentenced him to one hundred and twenty five (125) days imprisonment in the Harris County Jail. (C.R. at 107). Mr. Rodriguez filed timely notice of appeal and on June 3, 2015, undersigned counsel, of The Harris County Public Defender's Office, was appointed to represent him. (C.R. at 110-112).

## ISSUE PRESENTED

## ISSUE ONE

THE TRIAL COURT ERRED BY DENYING MR. RODRIGUEZ' REQUEST FOR AN INSTRUCTION ON THE LESSER-INCLUDED OFFENSE OF "ATTEMPTED POSSESSION OF A CONTROLLED SUBSTANCE"

## STATEMENT OF FACTS

Officer Jaime Vargas was working patrol for the Houston Police Department on June 15, 2014, at about 7:20 a.m. when he encountered a vehicle tilted toward a ditch at the end of a dead-end street. There was a barricade preventing the vehicle, a white newer model Mercedes, from falling into the ditch. Officer Vargas decided to check out the vehicle because he suspected it might have been stolen. (2 R.R. at 100-104). Officer Vargas approached the vehicle in his patrol car and ran the license plate on the MBT. The vehicle did not come back as having been reported stolen so he approached

5

the car on foot for further investigation. Officer Vargas noticed three Hispanic males inside the vehicle; two in the front and one in the back. Officer Vargas approached the driver's side of the vehicle and notified his dispatcher that back-up was needed. Officer Vargas called out to the men in the vehicle, but there was no response. All three of the men were unconscious. Officer Vargas recognized Mr. Rodriguez in the courtroom as the man in the driver's seat of the vehicle. He first attempted to revive the driver and then the rear passenger, but he was unable to get them to respond. He returned to the driver, Mr. Rodriguez, and tried to get him to move out of the vehicle, but he had no motor skills. When he began to wake up, the driver seemed to try to grab the steering wheel, but Officer Vargas told him to calm down and placed his limp wrists in cuffs. (2 R.R. at 105-108).

Officer Vargas pulled the driver out of the vehicle and placed him on the ground on his side with his left leg over his right to keep him from rolling on his stomach. He did not find any weapons on the driver. Another officer arrived at the scene and she held Mr. Rodriguez to keep him from rolling onto his stomach while Officer Vargas tried to wake up the passenger in the backseat. The man finally woke up when Officer Vargas began pulling on his right arm in an attempt to remove him from the vehicle. When the man finally got out of the car, Office Vargas searched him for weapons and found a small bag of marijuana so he placed him in cuffs as well. (2 R.R. at 109-112). While Officer Vargas was attempting to revive the backseat passenger, the front seat passenger exited the vehicle. The man was missing a leg and relied on a crutch. The

6

man approached him and agreed to be searched. He too had marijuana on him so Officer Vargas placed him under arrest as well. (2 R.R. at 113-114).

With the assistance of another officer at the scene, Officer Vargas picked up Mr. Rodriguez and leaned him against the vehicle so he could stand. Mr. Rodriguez was under the influence of something, but he was cooperative. In his police report, Officer Vargas claimed that he conducted a search for identifying information at that time. However, at trial, Officer Vargas testified that he was going to arrest Mr. Rodriguez for public intoxication so he searched his person incident to arrest. Officer Vargas found a small white pill at the bottom of Mr. Rodriguez' pocket. Officer Vargas and his supervisor identified the pill as a controlled substance and he placed Mr. Rodriguez under arrest for possession of a controlled substance. Officer Vargas placed the pill in the cup holder of his patrol car along with other possessions belonging to Mr. Rodriguez. During a search at the jail, the jail attendant found two additional pills in Mr. Rodriguez' possession. (2 R.R. at 132-136).

Mona Colca, a forensic analyst at the Houston Forensic Science Center, tested the evidence submitted by the Houston Police Department in this case and found that the pills tested positive for alprazolam, commonly known as Xanax, and weighed .22 grams. According to Ms. Colca, Alprazolam has a retention time of 9.96 and a similar substance, diltiazem, has a retention time of 9.79. In the sample tested in this case, the retention time was 9.795. According to Ms. Colca, placing a pill in the cup holder of a

vehicle could cause contamination. Despite the irregularities, Ms. Colca opined that the substance she tested for this case was alprazolam. (2 R.R. at 162-202).

## SUMMARY OF THE ARGUMENT

Mr. Rodriguez argues that the trial court erred in denying his request for a lesser included instruction of attempted possession because there was some evidence that the pills found in his possession where not alprazolam.

## ISSUE ONE

THE TRIAL COURT ERRED BY DENYING MR. RODRIGUEZ' REQUEST FOR AN INSTRUCTION ON THE LESSER-INCLUDED OFFENSE OF "ATTEMPTED POSSESSION OF A CONTROLLED SUBSTANCE"

### *Standard of Review*

Error properly preserved by an objection to the charge will require reversal as long as the error is not harmless. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996), *citing Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 19884), *cert. denied*, 481 U.S. 1019 (1987). This means that any harm, regardless of degree, is sufficient to require reversal. *Id.*; *Haley v. State*, 396 S.W.3d 756, 766 (Tex. App. –Houston [14th Dist.] 2013, no pet.).

### *Argument*

A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge.

8

*Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999).

Mr. Rodriguez caused the findings of the chemist to be called into question and there was some evidence that the pills in his pocket were not alprazolam. There was some evidence for the jury to conclude that if Mr. Rodriguez was guilty of anything at all, he was guilty of attempted possession. Mr. Rodriguez requested a jury instruction on attempted possession of a controlled substance. (3 R.R. at 4-5). Mr. Rodriguez' requested instruction was denied by the Court. (3 R.R. at 10).

By statute, an attempt to commit the offense charged is a lesser included offense. *See* Tex. Code Crim. Proc., art. 37.09. The crime of possession of a controlled substance is committed when a person knowingly or intentionally possesses a controlled substance listed in Penalty Group 3, which includes alprazolam. Tex. Health & Safety Code § 481.104(2). A person commits an attempt offense "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code § 15.01(a).

If the evidence raises the issue of a lesser included offense, the jury charge must be given based on that evidence regardless of the strength of the evidence, regardless of the source of the evidence, and whether or not the evidence is contradicted. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).

There is some evidence for a rational jury to conclude that Mr. Rodriguez was guilty of attempted possession, but not of actual possession, because he did not in fact possess alprazolam, but instead was in possession of diltiazem. "Anything more than a

9

scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). The standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Robertson v. State*, 871 S.W.2d 701, 706 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 853 (1994). At a minimum, the evidence in this case was subject to different interpretations. The trial court erred in refusing to submit the issue to the jury.

The failure to include an instruction on the lesser-included offense of attempted possession of a controlled substance was harmful. *Bridges v. State*, 389 S.W.3d 508, 513 (Tex. App. –Houston [14th Dist.] 2012, no pet.). The judge sentenced Mr. Rodriguez to 125 days in jail on the Class A misdemeanor, which carried a potential punishment of up to one year, plus a $4,000 fine. If the jury would have been able to convict Mr. Rodriguez of a Class B misdemeanor, the punishment range would have been a maximum of 180 days in jail, plus a $2,000 fine. Had he been found guilty of attempted possession, the court might have imposed a midrange sentence in the Class B range, as it did after he was found guilty of the only the jury was permitted to consider.

**PRAYER**

Mr. Rodriguez asks this Court to reverse and remand for a new trial due to harmful jury charge error.                     .

Respectfully submitted,

Alexander Bunin
Chief Public Defender

*/s/ Daucie Schindler*
Daucie Schindler
State Bar No. 24013495
Public Defender's Office
Harris County, Texas
Assistant Public Defender
1201 Franklin, 13th Floor
Houston, Texas 77002
Daucie.Schindler@pdo.hctx.net
Tel:  713-274-6717
Fax:  713-368-9278

11

CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i)*.

1.      Exclusive of the portions exempted by *Tex. R. App. Proc. 9.4 (i)(1)*, this brief contains 2,212 words printed in a proportionally spaced typeface.

2.      This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 13 point font in footnotes produced by Microsoft Word Software.

3.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/s/ *Daucie Schindler*
DAUCIE SCHINDLER

**CERTIFICATE OF SERVICE**

I certify that on the 3rd day of November, 2015, a copy of the foregoing instrument has been electronically served upon the Appellate Division of the Harris County District Attorney's Office.

*/s/ Daucie Schindler*
DAUCIE SCHINDLER