**Affirmed and Memorandum Opinion filed April 19, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00531-CR

## DAVID DANIEL RODRIGUEZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1967991**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant David Daniel Rodriguez of possession of a controlled substance, namely, less than 24 grams of alprazolam. The trial court sentenced appellant to confinement for 125 days in the Harris County Jail. In his sole issue on appeal, appellant claims the trial court erred in denying his request for an instruction in the jury charge on the lesser-included offense of attempted possession of a controlled substance. We affirm.

## APPLICABLE LAW

Alprazolam is a controlled substance in Penalty Group 3. Tex. Health & Safety Code § 481.104(2). Possession of less than 24 grams of alprazolam is a Class A misdemeanor. *Id.* § 481.117(a). Therefore, its attempted possession is one class lower, or a Class B misdemeanor. Tex. Penal Code § 15.01(d). Attempt is an act with requisite intent that amounts to more than mere preparation but fails to effect the commission of the offense. *Id.* § 15.01(a).

We review the trial court's decision on the submission of a lesser-included offense for abuse of discretion. *Jackson v. State*, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005). The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding rules or principles. *Makeig v. State*, 802 S.W.2d 59, 62 (Tex. Crim. App. 1990). To determine whether appellant was entitled to an instruction on attempted possession in this case, we consider the two-part test set forth in *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). First, the lesser offense must be included within the proof necessary to establish the offense charged. *Id.* Second, there must be some evidence that would have allowed the jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* In other words, there must not only be some evidence that would allow a reasonable trier of fact to acquit the defendant of the higher offense, but also sufficient evidence to support a conviction for the lesser. *Sweed v. State,* 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). Although this is a low threshold, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-

included offense is warranted." *Sweed,* 351 S.W.3d at 68. "This standard is satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Bridges v. State*, 389 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Goad*, 354 S.W.3d at 446). We consider all of the evidence but not its credibility or whether it is controverted. *Id.* (citing *Goad,* 354 S.W.3d at 446–47).

## PERTINENT EVIDENCE

The record reflects appellant was arrested for public intoxication and searched. Officer Vargas of the Houston Police Department recovered a pill from the pocket of appellant's pants that appellant identified as Xanax. Vargas placed the pill in the patrol car's cup holder. Appellant was charged with possession of a controlled substance and transported to jail where another search recovered two more pills from appellant. Mona Colca, a forensic analyst, testified during trial that she received as evidence a Ziploc bag, inside of which was a section of plastic containing pieces of tablets. She analyzed the tablet pieces by performing a "thin layer chromatography" test and a "gas chromatograph-mass spectrometry" test and determined they contained alprazolam, commonly known as Xanax, a controlled substance. Colca further testified the controlled substance weighed .22 grams.

On cross-examination, Colca explained the thin layer chromatography test is a presumptive test in which the unknown substance is compared to a known sample, in this case, alprazolam. The presumptive test indicated the unknown substance was alprazolam so a confirmatory structural test, using a gas chromatograph-mass spectrometry machine, was performed. As noted above, from the results of that test Colca determined the substance contained alprazolam. Colca was asked to explain "retention time" and answered as follows:

3

A. So for the -- the gas chromatograph is a two-part test. The first part, the gas chromatograph, that will measure retention times. So what a retention time is, is when you introduce a sample, I'll take a sample, it's diluted in a solvent, and introduce that to the gas chromatograph part of the instrument. What happens there is, inside the gas chromatograph is a column. The column is circular and it's round. And when a substance is injected into the gas chromatograph, it's going to travel through that column and helium carrier gas will be flowing through that column as well.

Now, different substances have an affinity to that column. So some substance might come out at one minute, another substance might come out at two minutes. Some substances might come out at the very end like ten minutes. So that is what we think of as retention times.

Q. Now, how important is that to identifying the substance?

A. We don't use retention time as an identification.

Q. Why?

A. We use the gas chromatograph, is -- the gas chromatograph-mass spectrometer is what we use as the confirmation.

Colca agreed that alprazolam had a retention time of 9.96 and another drug, diltiazem, had a retention time of 9.79. Colca testified the sample tested in this case had a retention time of 9.795, but reiterated "the retention time is not used to make the identification. The mass spectra is used to make the identification." Colca stated, "Yes. Those two retention times are different. But to make my identification, it's a two-part test, the gas chromatograph and mass spectrometer. You would have to look at the mass spectra of that sample that was injected."

Colca agreed that placing the pill in the patrol vehicle's cup holder could cause contamination. On redirect, Colca stated there was residue on the pill she tested and that she tries to take her sample from the innermost part of a tablet or table piece. Colca testified that in her opinion the substance contained alprazolam. On recross, Colca stated the tablet's marking gave her an idea of what substance it might be.

4

ANALYSIS

As noted above, an instruction on a lesser-included offense is warranted if the offense contained in the requested instruction is a lesser-included offense of the charged offense and the admitted evidence permits a rational jury to find the defendant guilty only of the lesser-included offense. *Goad*, 354 S.W.3d at 446. Attempted possession of a controlled substance is a lesser-included offense of possession. Tex. Code Crim. Proc. art. 37.09(4) (an offense is a lesser-included offense if it consists of an attempt to commit the offense charged). *See also Ex parte Fournier*, 473 S.W.3d 789, 792 (Tex. Crim. App. 2015). We therefore conclude the first requirement is satisfied.

Regarding the second requirement, appellant points to the retention times and the potential contamination to support his claim there was some evidence that the pills found in his possession were diltiazem, not alprazolam. We disagree.

There was no evidence the evidence was, in fact, contaminated. Likewise, there was no evidence the substance was not alprazolam. *See McElhaney v. State,* 899 S.W.2d 15 (Tex.App.—Tyler 1995, pet. ref'd, untimely filed) (citing *Bignall v. State*, 887 S.W.2d 21 (Tex. Crim. App. 1994) (rejecting simple assault as lesser-included offense of aggravated robbery when a pipe was used, because "[t]he second prong of the test . . . does not mandate a speculative inquiry into whether the jury might not have been convinced . . ."); *Spencer v. State*, No. 14–99–00969–CR, 2000 WL 1752766, at *4–5 (Tex.App.—Houston [14 Dist.] Nov. 30, 2000, pet. ref'd) (mem. op., not designated for publication) (speculation that the jury "might have believed" that screwdriver was not a deadly weapon, without evidence that it was not used as one, did not entitle defendant to an instruction on the lesser-included offense of assault); *cf. Bridges v. State*, 389 S.W.3d 508, 512 (Tex.App.—Houston [14th Dist.] 2012, no pet.) (holding that defendant was

5

entitled to instruction for simple assault where defendant denied having knife during altercation with complainant and complainant testified at trial that she cut her hand during altercation when defendant took knife away from her). No testimony refuted or negated Colca's testimony that the retention time was one part of a two-part test and that the second part of the test — the gas chromatograph and mass spectrometer — identified the seized substance as alprazolam. Thus, there was no evidence "directly germane to the lesser-included offense for the finder of fact to consider," and an instruction on the lesser-included offense was not warranted. *See Sweed,* 351 S.W.3d at 68. *See also Penaloza v. State*, 349 S.W.3d 709, 713 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (defendant was not entitled to lesser-included offense instruction on robbery where record contained no evidence that a deadly weapon was not used).

We therefore conclude the trial court did not abuse its discretion in denying the requested instruction and overrule appellant's only issue. The judgment of the trial court is affirmed.

/s/    Marc W. Brown
        Justice

Panel consists of Justices Jamison, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).