**Dannie WHALEY, Appellant**

**v.**

**The STATE of Texas, Appellee**

**No. 07-15-00373-CR**

Court of Appeals of Texas, Amarillo.

September 15, 2017

Discretionary Review Dismissed November 1, 2017

Jeffrey Ford, for appellee.

Julie Panger, for appellant.

Before CAMPBELL and PIRTLE and PARKER, JJ.

## OPINION

James T. Campbell, Justice

Appellant Dannie Whaley appeals from his conviction by jury of the offense of aggravated assault by threat with a deadly weapon[1] and the resulting sentence of forty years of imprisonment.[2] Appellant challenges his conviction through two issues.

We will affirm the judgment of the trial court.

## Background

Appellant was indicted for an aggravated assault by threat against his wife, Judy, by threatening her with bodily injury through the use of gasoline and a lighter.

Appellant's wife filed for divorce but the couple was still living together. The events leading to appellant's conviction occurred the next month, after a conversation in which Judy told appellant she was not in love with him anymore. Judy testified appellant tried to talk with her about her statement but she refused. Later that night, while she was sleeping in their home's master bedroom with the couple's two young children, she was awakened by appellant coming into the room, asking to speak with her. She again told him she did not feel like talking. She went back to sleep but woke later to find something cold being poured on her. She realized it was gasoline, jumped out of the bed, and asked appellant what he was doing. She attempted to use her phone but appellant told her to "chunk" it or he would "strike" the lighter he was holding. She complied, she said, because their children were still in the bed and because she was "extremely scared."

Judy begged appellant to allow her to take a shower to wash the gasoline from her body. He permitted her to do so. She cried during her shower and appellant told her to stop "whining." Appellant also removed the gasoline-covered mattress from the bed and placed it in another room. The two apparently slept the rest of the night in the same bed.

1. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2016).

2. Appellant pleaded "true" to each of the enhancement paragraphs in the indictment and the jury made an affirmative finding as to appellant's use of a deadly weapon.

When the couple awoke in the morning, appellant asked Judy for the passcode to her phone. Judy testified she believed his request was related to his belief she was not faithful to him. She told appellant to leave her alone but then decided to look for the gas can appellant had used the night before. She could not find it and ran out of the house, screaming for help because she was afraid appellant had the gas can and was going to pour gas on her again. Appellant grabbed her neck and scratched her face, trying to get her back into the house. A neighbor called the police, informing them a woman was calling for help.

Two officers, Wedeking and Stucky, responded to the call. Wedeking approached the house and heard arguing. Judy answered the door. She was "crying, very upset, distraught." The officer saw "a scratch on the right side of her face." When Wedeking entered the home, he smelled an "excessively strong" odor of gasoline inside the house. The smell was coming from Judy as well. Judy told the officers what had happened.

Wedeking spoke to appellant. Appellant told him he was cleaning spark plugs for a lawnmower and he and Judy got into an argument. Judy accidentally knocked the gas can out of his hand and some of the gas spilled. Wedeking arrested appellant, and among the items he found during his pat-down search of appellant was a cigarette lighter. The officers also observed the mattress had a yellow stain and a strong odor of gasoline. The officers also found a gas spigot for a gas can on the floor next to the mattress and smelled an "extremely strong" odor of gasoline inside the washing machine where the sheets were being washed. Judy's clothes from the night before were found in the bathroom trash can and were "saturated" with gasoline. A gas can was found on the step just outside the back door. It was nearly empty.

Appellant did not testify at trial, but for his version of the events relies on Wedeking's testimony relating what appellant told him.

### Analysis

#### Sufficiency of the Evidence

We will address appellant's second issue first. By this issue, he contends the evidence was insufficient to support his conviction.

In our review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *see also Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (analyzing sufficiency of evidence to support deadly weapon finding).

The jury is the sole judge of the credibility of witnesses and the weight to be attached to their testimony. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. When the record supports conflicting inferences, we presume the jury resolved the conflicts in favor of the verdict and we defer to that determination. *Id.*; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Appellant's argument does not challenge the jury's affirmative deadly weapon

finding or the evidence supporting the conclusion that the gasoline and lighter constituted a deadly weapon. His complaints regarding the evidence focus on Judy's credibility. Appellant contends the State's case depended on Judy's testimony, and contends it was not worthy of belief. He points out Judy's testimony was directly contradicted by the statements he provided to the officers at the scene.

Appellant is correct that his version of the events as reflected in Wedeking's testimony is greatly different from that depicted in Judy's testimony. As noted, appellant told Wedeking he was cleaning spark plugs when Judy hit the gasoline can appellant was holding, causing the gasoline to spill. By appellant's version of the events, he committed no offense at all. Judy testified she woke up to find appellant pouring gasoline over her body and he threatened to light the lighter he was holding.

Appellant also points to the fact Judy variously described the color of the lighter she saw, saying it was black, dark blue or purple, none of which matched the orange lighter admitted into evidence at trial. Appellant argues also that evidence established Judy had a reputation for dishonesty and had been previously convicted of providing a false statement to police.

█ Reviewing the sufficiency of evidence to support a conviction, "we defer to 'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper*, 214 S.W.3d at 13 (quoting *Jackson*, 443 U.S. at 318-19, 99 S.Ct. 2781); *see Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (same). It was thus up to the jury to determine whether to accept Judy's testimony of the events, or the version appellant told. The law does not permit us to reevaluate the credibility of witnesses. *Isassi*, 330 S.W.3d at 638. We

would note also that appellant's version of the events provides little explanation for the officers' testimony of a wet yellow stain on the mattress, smelling of gasoline, the gas spigot near the mattress or the "excessively strong" smell of gasoline in the house, on Judy and in the washing machine. Judy's testimony, by contrast, is consistent with the physical evidence observed by the officers.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude a rational jury could have found beyond a reasonable doubt that appellant intentionally or knowingly threatened Judy with bodily injury while using or exhibiting a deadly weapon. We find the evidence is sufficient to support appellant's conviction, and so resolve appellant's second issue against him.

Lesser-Included Offense

We turn now to appellant's first issue by which he contends the trial court erred by refusing to include in the charge to the jury an instruction concerning the lesser-included offenses of assault by threat and offensive-contact assault.

█ Whether a defendant is entitled to a requested lesser-included offense instruction requires a two-step analysis. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (citation omitted); *Zapata v. State*, 449 S.W.3d 220, 224 (Tex. App.—San Antonio 2014, no pet.). "We first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. If so, we must decide whether the admitted evidence supports the instruction." *Goad*, 354 S.W.3d at 446.

█ In determining whether the lesser-included offense is included in the proof necessary to establish the charged offense, a court must compare the elements as

alleged in the indictment with the elements of the potential lesser offense. *Zapata,* 449 S.W.3d at 224 (*citing Cavazos v. State,* 382 S.W.3d 377, 382 (Tex. Crim. App. 2012)). Under the Texas Code of Criminal Procedure, an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). Therefore, an offense is a lesser-included offense of another if the indictment for the greater offense alleges all of the elements of the lesser offense. *Zapata,* 449 S.W.3d at 224 (*citing Cavazos,* 382 S.W.3d at 382); *see also Royster v. State,* 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981).

 If the offense is a lesser-included offense under article 37.09(1), the court moves to the second step of the analysis and considers whether there is some evidence that would permit a rational jury to find that, if the appellant is guilty, he is guilty only of the lesser offense. *Cavazos,* 382 S.W.3d at 383 (citations omitted). This second step is "a question of fact and is based on the evidence presented at trial." *Id.* A defendant is "entitled to an instruction on a lesser-included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser, regardless of whether the evidence is weak, impeached, or contradicted." *Id.* (citations omitted).

### Simple Assault by Threat

 The indictment alleged appellant "did then and there intentionally or knowingly, threaten Judy Gonzales, with imminent bodily injury, and did then and there use or exhibit a deadly weapon, to-wit: gasoline and a lighter, during the commission of said assault."

We can agree with appellant that simple assault by threat is a lesser-included of-

fense of the aggravated assault alleged by the indictment, because the indictment alleges all the elements of simple assault by threat. *See* TEX. PENAL CODE ANN. § 22.01(a)(2) (person commits offense if he intentionally or knowingly threatens another with imminent bodily injury); *Bridges v. State,* 389 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (likewise finding simple assault by threat was lesser-included offense under indictment alleging aggravated assault by threat with deadly weapon). Under such an indictment, the difference between the greater and lesser offenses is the allegation of use or exhibition of a deadly weapon. *Bridges,* 389 S.W.3d at 511-12; *see Irving v. State,* 176 S.W.3d 842, 845-46 (Tex. Crim. App. 2005); *Settles v. State,* No. 05-14-00382-CR, 2015 WL 3522838, at *3, 2015 Tex. App. LEXIS 5615, at *8-9 (Tex. App.—Dallas June 3, 2015, pet. ref'd) (mem. op., not designated for publication) (citation omitted).

Agreeing with appellant that the first step of the analysis would support his request for a lesser-included-offense instruction for simple assault by threat, we move to the second step. Here, however, appellant's argument falters. Nothing in the evidence establishes simple assault by threat as a valid rational alternative to the charged aggravated assault. *Cf. Bridges,* 389 S.W.3d at 512 (finding error in denial of instruction on lesser offense of assault by threat).

Appellant's brief argues that the jury reasonably could have concluded he "intentionally or knowingly threatened Judy with imminent bodily injury by pouring gasoline on her." The argument apparently is based on the notion that the deadly weapon finding necessary to the charged offense can be supported only by proof appellant threatened his wife by use or exhibition of both the gasoline and the lighter. We need

not consider the correctness of that proposition, however, because there is no affirmative evidence that appellant poured gasoline on Judy but did not exhibit a lighter. Certainly such evidence does not appear in appellant's version of the events; by his version, he did not pour gasoline on Judy at all. Nor does such affirmative evidence appear in Judy's testimony. She told the jury appellant both poured gasoline on her and threatened her with the lighter. Any contention that appellant did not exhibit a lighter is merely an argument that Judy's testimony should not be believed.

■ Reviewing the record for evidence that would permit a jury to conclude rationally that if the defendant is guilty, he is guilty only of a lesser-included offense, we must consider anything more than a scintilla of evidence as sufficient to entitle the defendant to an instruction on the lesser offense. *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011) (citations omitted). "Although this threshold showing is low, 'it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.'" *Id.* (citation omitted).

Appellant was not entitled to an instruction in simple assault by threat merely because the jury might have disbelieved Judy's testimony about the lighter. There must be evidence "directly germane" to simple assault by threat that would permit the jury to find that if appellant is guilty, he is guilty only of simple assault. In *Bridges*, that direct evidence came from

the defendant's statement that he never had a knife when he assaulted the victim. 389 S.W.3d at 512. Also, one statement of the victim in that case was to the effect that her hand was cut when the defendant took the knife away from her. *Id.*

Here, appellant can point to no direct evidence that he is guilty, but only of simple assault. And his wife's testimony is not susceptible to an interpretation that he intentionally or knowingly threatened her, but without the use or exhibition of the gasoline and the lighter. *See Sweed*, 351 S.W.3d at 68 (standard for evidence supporting lesser-included offense instruction "may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations") (citation omitted).[3] Like the court in *Settles*, we see in this record no affirmative evidence appellant was guilty only of simple assault by threat. 2015 WL 3522838, at *6, 2015 Tex. App. LEXIS 5615, at *16 (finding "no evidence [defendant] assaulted [victim] but did not use or exhibit a firearm") (citing *Cavazos*, 382 S.W.3d at 385).

The trial court did not err in denying appellant's request to include in the charge to the jury an instruction regarding simple assault by threat.

*Offensive-Contact Assault*

■ Appellant's brief further contends the jury rationally could have determined he "intentionally or knowingly caused physical contact with Judy by pouring gasoline on her when he knew or should have reasonably believed that Judy would regard the contact as offensive or provocative." Therefore, appellant argues, the trial court should have included in the charge to

---

3. Appellant's contention appears motivated primarily by Judy's difficulty remembering the color of the lighter she said appellant held, and by the difference between the colors she mentioned and the orange color of the lighter Wedeking took from appellant's pocket. If by his argument appellant is contending Judy's testimony can be interpreted as direct evidence that appellant exhibited no lighter, we do not agree.

the jury an instruction concerning the offense of offensive-contact assault. We disagree.

To obtain a conviction for offensive-contact assault, the State must establish appellant caused physical contact with another when he knew or should have reasonably believed that the other will regard the contact as offensive or provocative. Tex. Penal Code Ann. § 22.01(a)(3); *McKithan v. State*, 324 S.W.3d 582, 589 (Tex. Crim. App. 2010).

The State contends appellant's argument for this lesser-included offense fails on the first step of the required test, and we agree. Offensive-contact assault is not a lesser-included offense of the charged aggravated assault by threat offense because, to establish appellant assaulted Judy by threatening her with gasoline and a lighter, the State was not required to prove appellant knew or reasonably should have believed Judy would regard the contact as offensive or provocative. *See McKithan*, 324 S.W.3d at 591 (citation omitted) (bodily-injury assault case). To convict appellant of the charged aggravated assault, the State was required to prove only that appellant threatened Judy with imminent bodily injury, and during the assault used or exhibited a deadly weapon, i.e., gasoline and a lighter.[4] The trial court did not err in denying appellant's request to include an instruction to the jury regarding offensive-contact assault. *Perry v. State*, No. 06-13-00051-CR, 2014 WL 3973929, at *8-9, 2014 Tex. App. LEXIS 9072, at *23 (Tex. App.—Texarkana Aug. 15, 2014, pet. ref'd) (mem. op., not designated for publication) (applying *McKithan*'s analysis to conten-

tion offensive-contact assault was lesser-included offense of aggravated assault by threat).

We overrule appellant's first issue.

### Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

---

4. It may well be that appellant's conduct of pouring gasoline on his wife would constitute physical contact, *see Sanders v. State*, 387 S.W.3d 680, 689-90 (Tex. App.—Texarkana 2012, pet. dism'd) (spitting as assault), and it almost certainly is true that appellant knew or should have reasonably believed Judy would

consider such contact as offensive or provocative, but for the first-step analysis the relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense. *McKithan*, 324 S.W.3d at 593.