**Reversed and Remanded and Majority and Dissenting Opinions filed September 2, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00351-CR

---

**JOSE JUAN CHAVEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. 18DCR0269**

---

### MAJORITY OPINION

In two issues, appellant Jose Juan Chavez challenges his capital murder conviction, contending the trial court erred by refusing to submit jury charge instructions on the lesser included offenses of kidnapping and felony murder. Concluding that there is some evidence that would support a finding in favor of either of these lesser included offenses and the trial court's failure to submit the instructions resulted in harm, we reverse the judgment of guilt and remand for

further proceedings.

## *Background*

Appellant lived with his grandmother and uncle in Baytown, Texas. Brandon Flores also lived with them and worked cutting hair out of their home. One evening, according to Flores, two of his friends (complainants) came in for haircuts. After receiving his haircut, one complainant pulled out a gun "to show it off" and then pointed it at Flores and asked, "What's up?" Flores and another man who was there, Richard Gonzalez, "jumped on" both complainants and gained control of the gun. Appellant and Valentin Lazo, who were outside at that time, then came into the house. Flores testified at trial, "we decided that we had to take [complainants] out of there." Flores also testified that appellant decided they should take complainants to appellant's grandmother's remote property in Anahuac, Texas. Appellant, Flores, Gonzalez, and Lazo took complainants outside and ordered them to get into the trunk of a Nissan Ultima that belonged to one of complainants. Appellant, Flores, and Gonzalez then got into the car, and appellant drove the car to the Anahuac property. Lazo followed in his truck.

When they arrived, the gate to the property was locked. Flores testified that appellant told Lazo to ram the gate open with his truck. Once they were on the property, Flores testified that the group decided they "needed to kill [complainants] because they were gangsters." Flores said that the group included himself, appellant, Lazo, and Gonzalez. Flores had previously told an officer that killing complainants was Gonzalez's idea. According to Flores, appellant told him to take complainants to the back of the property. Flores drove over rough terrain in the dark to the back of the property and ordered complainants to get out of the trunk. He told them to get on their knees and then shot and killed them. Afterwards, appellant, Flores, Gonzalez, and Lazo stopped at a convenience store for

"refreshments," then drove back to Baytown and abandoned the Nissan at an apartment complex. Lazo then drove everyone back to appellant's house.

Several days later, appellant, Flores, and another person returned to the property in Anahuac to dispose of complainants' bodies. They loaded the bodies into a truck, tied them to cinder blocks, drove to a bridge, and threw them off the bridge. They then returned to Baytown. Flores eventually fled to Mexico, where he was arrested and extradited back to Texas. A jury found appellant guilty of capital murder as a party to the offense by intentionally causing complainants' deaths while committing or attempting to commit kidnapping of complainants.

*Discussion*

Appellant contends in two issues that the trial court erred in refusing to submit jury instructions on the lesser included offenses of kidnapping and felony murder. We address these issues together.

A defendant is entitled to an instruction on a lesser included offense when the proof for the offense charged includes the proof necessary to establish the lesser included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). We first compare the statutory elements of the offense and any descriptive elements alleged in the indictment to the statutory elements of the purported lesser included offense to determine as a matter of law whether the indictment (1) alleges all the elements of the lesser included offense, or (2) alleges elements plus facts from which all the elements of the lesser included offense may be deduced. *See Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009).

As reflected in the indictment, appellant was charged with committing

3

capital murder under circumstances rendering appellant responsible under the law of parties by intentionally causing complainants' deaths while committing or attempting to commit kidnapping of complainants. *See* Tex. Penal Code § 19.03(a)(2). Evidence is sufficient to convict under the law of parties when the defendant is physically present at the commission of the offense and encourages its commission by words or other agreement. *Salinas v. State*, 163 S.W.3d 734, 739 (Tex. Crim. App. 2005). Party participation may be shown by events occurring before, during, and after the commission of the offense, and may be demonstrated by actions showing an understanding and common design to do the prohibited act. *Id*. at 739-40.

Kidnapping is a lesser included offense of the capital murder charge against appellant. *See* Tex. Penal Code § 19.03(a)(2); *see also Rodriguez v. State*, 146 S.W.3d 674, 677 (Tex. Crim. App. 2004); *Schmidt v. State*, No. 14-10-00713-CR, 2012 WL 912791, at *7 (Tex. App.—Houston [14th Dist.] Mar. 15, 2012, pet. ref'd) (mem. op., not designated for publication). So is felony murder. *Salinas*, 163 S.W.3d at 741. We turn to whether there is some evidence in the record that would permit a jury rationally to find that if the appellant is guilty, he is guilty only of kidnapping or felony murder.

A person commits the offense of kidnapping if he intentionally or knowingly abducts another person.[1] Tex. Penal Code § 20.03(a). Felony murder occurs when an individual

> commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or

---

[1] The term "abduct" means to restrain a person with the intent to prevent his liberation by: (1) secreting or holding him in a place where he is not likely to be found; or (2) using or threatening to use deadly force. Tex. Penal Code § 20.01(2).

4

> attempts to commit an act clearly dangerous to human life that causes the death of an individual.

*Id*. § 19.02(b)(3). In felony murder, the culpable mental state is supplied by the mental state accompanying the underlying felony. *Salinas*, 163 S.W.3d at 741. The critical question in this case is thus whether any evidence showed that appellant (as a party) had the intent only to kidnap but not to kill. *See id*. at 742. It does not matter if such evidence is strong, weak, unimpeached, or contradicted. *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998). The factfinder is free to selectively believe all or any of the testimony proffered and introduced by either side. *Id*.

Appellant presented a trial defense denying any involvement in the kidnapping. Generally, when the defendant denies commission of any offense, he presents no evidence establishing commission of a lesser included offense and is not entitled to a charge on a lesser offense. *See Benefield v. State*, 389 S.W.3d 564, 576 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *Johnson v. State*, 84 S.W.3d 726, 731 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd)). But appellant argues that inconsistencies in Flores's testimony provide some evidence that appellant did not intend to kill complainants. We agree.

First, appellant points to evidence that the parties did not have a plan to kill appellants before they went to Anahuac. Flores initially testified that "it wasn't planned to kill them" while they were in Baytown. Flores also inconsistently testified as to who decided to kill complainants and when.

Appellant secondly asserts that he was not a party to capital murder because the parties agreed only to kidnap complainants. Flores testified that the parties agreed to kidnap complainants at the house in Baytown and appellant later told Flores to take complainants to the back of the Anahuac property and kill them.

5

Flores said he alone drove complainants to the back of the property and killed them. This testimony would support a finding that the group decided to kidnap complainants but Flores alone decided to kill them. The jury, as the factfinder, could have chosen to disbelieve part or all of Flores's testimony. *See Jones*, 984 S.W.2d at 257.

Appellant further asserts that Flores testified "Gonzalez is the sole person who encouraged the capital murder." As discussed, Flores testified inconsistently about who formulated the plan to kill complainants. An officer testified that Flores told him it was Gonzalez's idea, but Flores also testified that all the parties agreed to this idea. Again, the jury could believe some or all this testimony. *See id*.

The dissenting justice asserts that "[o]ther than appellant's blanket denial of culpability, which the majority acknowledges is insufficient for an instruction on lesser-included offenses, there is no evidence that appellant did not intend to kill the decedents." We disagree. As discussed, Flores's testimony was inconsistent regarding whether appellant intentionally caused complainants' deaths under the law of parties by encouraging commission of the offense. It is well established that courts must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). As the Court of Criminal Appeals explained, "The trier of fact is always free to selectively believe all or part of the testimony proffered and introduced by either side." *Jones*, 984 S.W.2d at 257. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Id*. Flores's inconsistent testimony would support a finding that appellant did not encourage commission of the offense.

We conclude that there is some evidence from which the jury could find that

6

appellant committed only the lesser included offenses of kidnapping or felony murder. On this record, the jury could have believed Flores's testimony that the group decided to kidnap complainants but disbelieved his testimony that appellant was involved in a plan to kill them. *See id.* Accordingly, the trial court erred in failing to submit jury instructions on kidnapping and felony murder. We turn to whether appellant was harmed by the trial court's error.

Defense counsel requested jury instructions on kidnapping and felony murder. The erroneous refusal to give a requested instruction on a lesser included offense is charge error subject to an *Almanza* harm analysis. *Ransier v. State*, 594 S.W.3d 1, 13 (Tex. App.—Houston [14th Dist.] 2019, pet. granted) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). Under *Almanza*, when jury charge error has been preserved, as it was here, we will reverse if the error in the court's charge resulted in some harm to the accused. *Id.*

Ordinarily, if the absence of a charge on the lesser included offense left the jury with the sole option either to convict the defendant of the charged offense or to acquit him, some harm exists. *Id.* (citing *Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995)). Here, without a charge on the lesser included offenses of kidnapping and felony murder, the jury only had the option to either convict appellant of capital murder or acquit him on the charge.

Harm exists when the penalty imposed for the charged offense exceeds the potential penalty for the lesser included offenses. *Bridges v. State*, 389 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The jury's capital murder finding in this case carries an automatic life sentence without parole. Tex. Penal Code § 12.31(a)(2) ("An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment . . . for . . . life without parole, if the individual committed the

7

offense when 18 years of age or older."). Had the jury convicted appellant of kidnapping, the maximum potential sentence would have been 10 years, or 20 years if the jury found appellant committed aggravated kidnapping. *Id*. §§ 12.33, 12.34. The range of punishment for felony murder is 5 to 99 years. *Id*. § 12.32. Because the potential penalty for kidnapping or felony murder is less than the automatic life sentence imposed for capital murder, we conclude that appellant suffered some harm from the error in the charge. *See Ransier*, 594 S.W.3d at 13; *see also Bridges*, 389 S.W.3d at 513. We sustain appellant's issues on appeal.

### *Conclusion*

Having concluded that the trial court erred in failing to submit jury instructions on the lesser included offenses of kidnapping and felony murder and the error resulted in harm, we reverse the judgment of the trial court and remand for further proceedings. Tex. R. App. P. 43.2(d); *see also Bridges*, 389 S.W.3d at 513.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Wise, Bourliot, and Spain (Wise, J., dissenting).

Publish — TEX. R. APP. P. 47.2(b).